UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ROY STANLEY DANA, III,                )
                                       )
    *Plaintiff*                        )
                                       )
v.                                     )     Civil No. 09-514-B-W
                                       )
MICHAEL J. ASTRUE,                     )
Commissioner of Social Security,       )
                                       )
    *Defendant*                        )

### REPORT AND RECOMMENDED DECISION[1]

In this Supplemental Security Income ("SSI") appeal, the plaintiff contends that the administrative law judge failed to include the limitations caused by his mathematics disorder in the residual functional capacity ("RFC") he assigned to the plaintiff, that his conclusion regarding the plaintiff's credibility was not supported by substantial evidence, and that the testimony of the vocational expert was irrelevant and inconsistent with the Dictionary of Occupational Titles ("DOT"). I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential review process, 20 C.F.R. § 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff had a learning disorder and borderline intellectual functioning, impairments that were severe but which, considered

---

[1] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on June 16, 2010, pursuant to Local Rule 16.2(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties submitted post-hearing briefing, Docket Nos. 17-19, addressed in part to an issue also raised in a companion case, *see* Report and Recommended Decision, *Lisa Dawn Pepin v. Michael J. Astrue*, No. 09-464-P-S, at 1 n.1, of even date.

separately or in combination, did not meet or equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 2-3, Record at 9-11; that he had the RFC to perform a full range of work at all exertional levels, except that he was limited to occupations requiring no more than simple, routine, repetitive tasks, not performed in a fast-paced environment, involving only simple work-related decisions, and relatively few work-place changes, and without interaction with the general public, Finding 4, *id*. at 12-13; that he had no past relevant work, Finding 5, *id*. at 15; that, given his age (29 on the date the application was filed), at least high school education, and RFC, there were jobs that existed in significant numbers in the national economy that the plaintiff could perform, Findings 6-9, *id*.; and that, therefore, he had not been under a disability, as that term is defined in the Social Security Act, at any time since the application was filed, on July 9, 2007, Finding 10, *id*. at 16. The Decision Review Board failed to complete its review of the claim in the time allowed, *id*. at 1-3, making it the final decision of the commissioner, 20 C.F.R. § 405.420(a)(2).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain positive evidence in

support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## Discussion

### A. Residual Functional Capacity

The plaintiff first argues that unspecified limitations caused by his mathematics disorder were not included in the RFC assigned by the administrative law judge. Statement of Specific Errors ("Itemized Statement") (Docket No. 9) at 1-2.[2] In the absence of that information, the court cannot determine whether an error was made, or whether any such error might have been harmless.

The plaintiff next contends that the administrative law judge wrongly determined that his "assertions [were] not credible." *Id*. at 3. However, the portion of the administrative law judge's opinion that he quotes as evidence of this claim does not address his credibility. The quoted language is the following:

> In terms of the claimant's alleged difficulties with understanding work instructions and calculations, the evidence does show medically determinable impairments that can reasonably cause such difficulties. However, the evidence does not support allegations of a level of severity that would prevent all work.
>
> He is not under the care of any professional for the treatment of a mental impairment. He has not sought vocational rehabilitation or occupational therapy that would reasonably assist him in finding and performing a job within his capabilities. He has worked in the past for a school and has worked in seasonal laboring jobs. While, for purposes of this decision, the work was not substantial gainful activity or relevant past work, it is not apparent that the work could not have been done on a more gainful and continuing basis.

Record at 14.

---

[2] The plaintiff presents this issue as distinct from the issue presented later in his itemized statement and discussed at pages 6-7 of this recommended decision.

The plaintiff's quotation from the decision stops here, but the paragraph of the decision that immediately follows the quoted excerpt is also relevant here:

> The claimant's daily activities are not consistent with the alleged severity. He socializes, plays darts, and has interests. He can drive. He can read simple subject matter. While he has alleged hypertension and some musculoskeletal complaints, he is able to do exertional work when available, and he used to play basketball until it became apparent to him that he was too aggressive on the court.

*Id.*

It is not at all clear that the administrative law judge is discussing the plaintiff's testimony at the hearing in these paragraphs. It is only if that is in fact the subject of these paragraphs that the issue of the plaintiff's credibility could even be raised, and only then would the authority cited by the plaintiff, Itemized Statement at 3-4, be relevant. From the context of the opinion, it appears to me that the quoted excerpts do not address the credibility of the plaintiff's testimony at the hearing, but rather present the administrative law judge's reasons for rejecting some of the testimony of Sonja Dana, a lay witness at the hearing, and some of the conclusions drawn in the medical and other documentary evidence. The plaintiff's argument on this point essentially takes issue with the administrative law judge's choice of what evidence to believe, or what weight to give certain evidence, and that is not a basis for remand.

The plaintiff offers, in particular, the testimony of Ms. Dana as a reason to reject the administrative law judge's conclusions. While it is true, as the plaintiff asserts, that Ms. Dana testified about the plaintiff's "difficulties performing past jobs," *id.* at 4, the administrative law judge was not required to adopt that testimony in his findings, so long as he gave reasons for rejecting it, which the administrative law judge did in this case. In addition, the plaintiff's statement that "[t]here is no evidence in the record to suggest that the Plaintiff could have performed work 'on a more gainful and continuing basis[,]'" *id.* at 5, misses the point. At Steps

4

3 and 4 of the sequential review process, where the decision about RFC is made and where Ms. Dana's testimony is relevant, the burden of proof is on the claimant to provide evidence that he could not have performed work on a more gainful and continuing basis than he had essayed in the past.

The plaintiff is not entitled to remand on the basis of his challenges to the administrative law judge's formulation of his RFC.

### B. Vocational Testimony

The plaintiff contends that the vocational expert's testimony in response to the administrative law judge's hypothetical question "is not consistent with" the Dictionary of Occupational Titles ("DOT") because one of the two jobs she identified she called "dishwasher," while the DOT number she gave for the job, 318.687-010, is that of "kitchen helper." Itemized Statement at 8-10. It is true that the number cited actually applies to a job in the Dictionary of Occupational Titles entitled kitchen helper. *Dictionary of Occupational Titles* (U.S. Dep't of Labor, 4th ed. rev. 1991) § 318.687-010. The description of the job includes washing or cleaning. So far as I can determine, there is no separate entry in the DOT entitled "dishwasher."

Under these circumstances, I cannot conclude that the brief testimony of the vocational expert was not consistent with the DOT. To be sure, some further explanation would have been preferable, but I see no basis for remand in this particular instance. Even if this inconsistency could serve as a basis for remand, standing alone, it could not do so in this case because the vocational expert testified in response to the hypothetical question that another job, that of janitor, was also available. This court has routinely held that a single job available in significant numbers in the national economy is sufficient to meet the commissioner's burden at Step 5. *See, e.g., Doucette v. Barnhart*, No. 04-89-P-S, 2004 WL 2862174 at *6 (D. Me. Dec. 13, 2004).

The plaintiff notes, correctly, that the DOT assigns both of the jobs at issue a general educational development ("GED") reasoning level of 2 and contends that the limitation in the RFC assigned to him by the administrative law judge to "simple, routine, repetitive tasks . . . involving only simple work-related decisions," Record at 13, is fatally inconsistent with that GED level. Itemized Statement at 9-10. In the past, this court has agreed with the plaintiff's contention. *See, e.g., Riley v. Astrue*, No. 06-95-B-W, 2007 WL 951424 at *4 (D. Me. Mar. 27, 2007). However, I have recommended today in the case of *Pepin v. Astrue*, Civil No. 09-464-P-S, that this court abandon its minority position on this issue in favor of that taken by the great majority of courts that have addressed it, *i.e.*, that a limitation to simple, routine, repetitive tasks is not inconsistent with a GED reasoning level of 2 in the DOT.[3] Accordingly, I conclude that the plaintiff may not succeed on this basis.

The plaintiff's final challenge, Itemized Statement at 10-11, is to the administrative law judge's alleged failure to include in the hypothetical question posed to the vocational expert the mathematical limitations identified by examining consultant Adrienne J. Butler, Ed.D., Record at 339-44. However, the portion of Dr. Butler's report on which the plaintiff relies does not, as plaintiff states, result from an "evaluation performed by Dr. Butler," nor did she find that "there were specific math skills that the Plaintiff did not possess." Itemized Statement at 10, 11. Rather, the only mention of math skills in Dr. Butler's report is her recitation of what the plaintiff told her about his mathematical abilities. Record at 339-40. A claimant's self-report

---

[3] At the beginning of oral argument, I invited the attorney for the plaintiff to submit within 4 weeks a response to the commissioner's brief on this issue which counsel for the commissioner indicated that he would submit the day after oral argument, based on a "tweaking" of the brief already submitted in *Pepin*. Counsel for the commissioner did file that brief. Docket No. 17. The attorney for the plaintiff filed no response, despite a suggestion in another post-hearing filing that he intended to do so. Plaintiff's Post-Hearing Response to Defendant's Introduction of Evidence at Hearing ("Plaintiff's Post-Hearing Brief") (Docket No. 18) at 1, n.1.

does not constitute acceptable medical evidence on which an administrative law judge may, let alone must, base an RFC finding. 20 C.F.R § 416.929(a).

At oral argument, the plaintiff's attorney contended that the findings of Christine R. Deering, Ph.D., another examining consultant, also supported his contention that such limitations should have been included in the plaintiff's mental RFC, and that they were inconsistent with the jobs identified by the vocational expert in response to the administrative law judge's hypothetical question. Assuming *arguendo* that an argument raised or authority cited for the first time at oral argument may be considered by this court, *but see Hopkins v. Astrue*, No. 07-40-P-S, 2007 WL 3023493 at *5 n.3 (D. Me. Oct. 12, 2007), the plaintiff has not established that third-grade level mathematics ability is necessarily inconsistent with jobs described in the DOT as having a GED mathematics level of 1, as are the two jobs at issue here, *see* DOT §§ 318.687-010 (kitchen helper), 381.687-018 (industrial cleaner). That mathematics level is described as follows:

> Add and subtract two-digit numbers. Multiply and divide 10's and 100's by 2, 3, 4, 5. Perform the four basic arithmetic operations with coins as part of a dollar. Perform operations with units such as cup, pint, and quart; inch, foot, and yard; and ounce and pound.

*Id.*

At oral argument, counsel for the commissioner offered into evidence a printout of the Grade 3 mathematics standards of the Maine State Department of Education, presumably because Dr. Deering had found that the plaintiff's mathematical ability was at a third-grade level. Record at 378. At his request, I allowed counsel for the plaintiff one week in which to file any objection he might have to this exhibit. Counsel submitted in a timely fashion Plaintiff's Post-Hearing Brief, but then submitted a newly-obtained letter from Dr. Deering with further details about the plaintiff's mathematics ability. I did not intend my extension of time in which counsel for the plaintiff could determine whether he wished to object to the commissioner's proffered

7

evidence to serve as authorization for the plaintiff to submit additional evidence on this question.[4] I now reject both the document proffered by the commissioner and the new letter from Dr. Deering proffered by the plaintiff. The court should not consider either exhibit.

Again, I doubt that the issue of the compatibility of Dr. Deering's timely findings with the DOT's GED mathematics level of 1 is properly before this court, but, assuming that it is, a third-grade mathematics ability level has been found to be consistent with the cleaner/janitor job identified by the vocational expert in this case. *Hoskins v. Astrue*, Civil Action No. 07-82-GWU, 2008 WL 108767 at *5 (E.D. Ky. Jan. 9, 2008). The plaintiff would take nothing from this argument, were it to be considered by the court.

## Conclusion

For the foregoing reason, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 24th day of August, 2010.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[4] In addition, the plaintiff has made no attempt to demonstrate good cause for his failure to submit this additional information from Dr. Deering before the administrative law judge issued his decision. *See* 42 U.S.C. § 405(g).